### WELSH v. BLACKWELL.

In *scire facias* against a garnishee, the defendant is confined to the plea prescribed by the 20th *Section* of the attachment act, *Rev. Laws,* 360; but he is not concluded by the terms of the plea, from showing or insisting upon any matter of law or fact, which would and ought to protect him, in a court of law and justice.

This was a *scire facias* against a garnishee in attachment. The defendant put in several special pleas. Among others, that he was not garnishee, that there was no judgment in attachment, and that there was no writ of attachment. *W. Halsted* for the plaintiff, moved to strike out the special pleas, and insisted that the defendant was confined to the plea named in the 20th *Section* of the attachment act, *Rev. Laws,* 360.

*Hamilton, contra.*

The opinion of the court was delivered by the Chief Justice.

HORNBLOWER, C. J. The defendant in this case, instead of pleading, as he is authorized to do, by the 20th *Section* of the attachment act, *Rev. Laws,* 360, that " he had no goods or chattels of the defendant in attachment, in his custody or possession, either at the time of executing the writ of attachment, or at any time since;" has put in several special pleas. Among other things, that he is not garnishee, and that the goods were not attached in his hands as garnishee; and *nul tiel record;* or no writ of attachment, &c.

The counsel for the plaintiff, has moved to have all these pleas stricken out; insisting, that, as well upon principle as upon what was said by the court, in this very case, in 2 *Green's R.* 347, the defendant must be confined to that plea.

On the other side it is contended, that a defendant in *scire facias,* is not confined to the plea mentioned in the statute, unless he intends to rest his defence on the fact, that he had not in his custody or possession at the time of the service of the writ of attachment, or at any time since, any goods or chattels of the defendant; or that he was not indebted to the defendant in attachment. That the plea given by the statute, is not broad enough to protect the defendant in *scire facias,* under all circumstances, and that the statute ought not to be so construed, as to deprive him of any legal defence. Hence it was argued, that if there had been no writ of attachment sued out, or no

judgment obtained against the defendant in such writ, the garnishee ought to be at liberty to deny the existence of such writ or judgment. That their existence is essential for his protection against the claims of the supposed defendant in attachment. And again, it was insisted, that the defendant in *scire facias* ought to be permitted to deny by his plea, that he had been warned as garnishee, or that he had had any notice of the attachment—as otherwise, he might be made liable to respond to the plaintiff in attachment, although he had in good faith and without any notice, delivered up the goods to the defendant in attachment, or paid to him, the money he owed to him.

The difficulties suggested by the defendant's counsel, are certainly entitled to the consideration of the court, and if they could not be obviated, without letting him into a course of special pleading in these cases, I should very reluctantly confine him to the plea mentioned in the statute; although a departure from the course there marked out, might involve us in other and perhaps equally embarrassing questions. But I apprehend, the fears of the defendant's counsel, are groundless.

This is a statute remedy and proceeding, from first to last; and by the 23d Section, its provisions are to be construed in the most liberal manner for the advancement of Justice. Now when the statute directs, what plea, a defendant in *scire facias* may put in, to such a proceeding against him, it would be unreasonable, and not for the advancement of justice, to restrict the defendant, under that plea, from any just and lawful matter of defence. Hence I consider the plea given by the statute, as amounting to a kind of *general issue;* under which, the plaintiff in *scire facias*, must show himself *rectus in curia*, and entitled to call out of the hands of the adverse party, the money or goods he may have, belonging to the defendant in attachment. He must show a judgment against the defendant in attachment; that the defendant in *scire facias* is a garnishee, or that he has been warned or had notice, and that he had, or has goods of the debtor, in his custody or possession, or that he owes him money. So on the other hand, the defendant in *scire facias*, is not to be concluded by the form of the plea, from *showing* or *insisting* upon any matter of law or fact, which would and ought, to protect him, in a court of law and justice.

This construction of the statute, secures to a defendant in a *scire facias*, all the protection he can ask, and at the same time, avoids the prolixity and embarrassment that might result from a course of special pleading in such cases.

I am therefore of opinion, that the plaintiff's motion must be granted; but as this is a new question, and the rule now settled for the first time, the pleas must be stricken out, without payment of costs, and with leave to amend.

